IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN POHLMAN, individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Martin Pohlman ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant Checkr, Inc. ("Checkr" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

**COMPLAINT** – 1

1. This is a putative class action to recover damages for violations of the Washington Fair Credit Reporting Act ("WFCRA"), chapter 19.182 RCW, *et seq*.

2. Defendant is a consumer reporting agency that regularly violates RCW 19.182.040(1)(e) by willfully making consumer reports containing records of arrest, indictment, or conviction of an adult for a crime that, from the date of disposition, release, or parole, antedates the report by more than seven years. In addition, Defendant willfully fails to maintain reasonable procedures designed to avoid violations of RCW 19.182.040.

3. The WFCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the WFCRA.

4. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

5. Plaintiff is a natural person and resident of the State of Washington and qualifies as a "consumer" as defined and protected by the FCRA.

6. Defendant Checkr, Inc. is a "consumer reporting agency" as that term is defined by RCW 19.182.010(5) as it "regularly engages in whole or in part in the

COMPLAINT – 2

business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary fees. Defendant Checkr is a Delaware corporation that maintains its primary place of business at 1 Montgomery Street, San Francisco, California 94104.

## JURISDICTION AND VENUE

7. Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiff is a citizen of Washington and the proposed class members are citizens of Washington. Defendant is a California Corporation that has its corporate headquarters in San Francisco, CA, and, at all relevant times hereto, Defendant was engaged in the business of marketing and furnishing consumer reports in the State of Washington.

8. Plaintiff estimates that there are more than hundreds, if not thousands of putative class members, and the aggregate compensatory damages, including actual, statutory and reasonable attorneys' fees, claimed by Plaintiff and the Class are estimated in good faith to exceed $5,000,000.

9. Venue is proper in this District under 28 U.S.C. § 1391, as a substantial portion of the conduct giving rise to Plaintiff' claims occurred in this District, and Defendant regularly transacts business in this District.

COMPLAINT – 3

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

# FACTUAL ALLEGATIONS

10. One in four Americans has a criminal history, and criminal history record information is increasingly used to screen applicants for employment. Most employers conduct background checks on prospective applicants, and many such employers reject applicants on account of criminal history. In addition, criminal history older than seven years is not an accurate predictor of an individual's likelihood to commit future crime. Compilation and commercial reporting of criminal history information older than seven years is an unfair practice that undermines consumer confidentiality and privacy.

11. The Washington legislature has found and declared that "consumers have a vital interest in establishing and maintaining creditworthiness, credit capacity, and general reputation and character." RCW 19.182.005. In addition, the legislature has found that "[u]nfair or inaccurate [consumer] reports undermine both public and creditor confidences in the reliability of credit granting systems." *Id*. This includes unfair or inaccurate [consumer] reports that are used for making "decisions regarding employment." *Id*.

12. Defendant is in the business of providing employers with comprehensive consumer reports on employment applicants.

COMPLAINT – 4

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

13. For monetary fees or dues, Defendant regularly engages in whole or in part in the business of assembling or evaluating consumer credit information and other information on consumers for the purpose of furnishing consumer reports to third parties. Defendant uses various means or facilities of commerce for the purpose of preparing or furnishing these consumer reports.

14. The consumer reports that Defendant prepares and furnishes are comprised of written, oral, or other communication of information by Defendants bearing on the creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of consumers.

15. The consumer reports that Defendant prepares and furnishes are used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing consumer eligibility for employment purposes.

16. Defendant has engaged in and continues to engage in a common course of making consumer reports that contain prohibited information, including records of arrest, indictment, or conviction of adults for crimes that, from the date of disposition, release, or parole, antedate the respective reports by more than seven years, in violation of RCW 19.182.040.

**COMPLAINT** – 5

17. By engaging in a common course of making consumer reports that contain prohibited information, Defendant has willfully failed to comply with a requirement of the WFCRA, 19.182, *et seq*.

18. Defendants have engaged in and continue to engage in a common course of failing to maintain reasonable procedures designed to avoid the disclosure of prohibited information in consumer reports, in violation of RCW 19.182.090.

19. By engaging in a common course of failing to maintain reasonable procedures designed to avoid the disclosure of prohibited information in consumer reports, Defendants have willfully failed to comply with a requirement of the WFCRA, 19.182, *et seq*.

20. By the actions alleged above, Defendant has caused injury to Washington consumers in their business or property.

## **PLAINTIFF'S EXPERIENCE**

21. Prior to December of 2023, Plaintiff has worked for Doordash as a driver-partner.

22. In or around December of 2023, Doordash paid Defendant and procured an employment background consumer report from Defendant. As a result of this consumer report, Plaintiff was removed from the Doordash application and was precluded from continuing his employment.

COMPLAINT – 6

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

23. The report provided by Defendant to Doordash designates his employment consideration status as "consider". Upon information and belief, this is solely to due the results of the reports criminal "County Search" section.

24. The report listed case number 130331037 from the Multnomah County Circuit Court in Oregon, with associated charges and convictions. However, the disposition dates for all the offenses in this case was October 16, 2013, ***more than 10 years prior to the report***.

25. Defendant made and furnished a consumer report in relation to Plaintiff that contained items of information about Plaintiff involving records of arrest, indictment, or conviction of an adult for a crime that, from the date of disposition, release, or parole, antedated the consumer report by more than seven years.

26. By including this information in the consumer report that it provided in relation to Plaintiff, Defendant violated RCW 19.182.040(1)(e).

27. In making a consumer report about Plaintiff containing adverse information that predated the report by more than seven years, Defendant failed to maintain reasonable procedures designed to avoid violations of RCW 19.182.040.

28. In the consumer report that Defendants made in relation to Plaintiff, Defendant recommended that Plaintiff's employment be "considered". Defendant

**COMPLAINT** – 7

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

then provided Doordash with a copy of the report it made in relation to Plaintiff, and Doordash denied Plaintiff's continued employment based on the outdated criminal information contained in that consumer report.

29. Upon information and belief, Defendants willfully failed to comply with requirements imposed by WFCRA, including but not limited to RCW 19.182.040 and RCW 19.182.060.

30. By the actions alleged above, Defendants caused injury to Plaintiff in his business or property.

## CLASS ALLEGATIONS

31. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

32. The Class is defined as follows:

> **All Washington consumer on whom, from two year prior to December 1, 2023 and through the date of class certification, Defendant compiled and furnished a consumer background report that included a record of the consumer's arrest, indictment, or conviction for a crime that, from the date of disposition, release, or parole, antedated the report by more than seven years**.

COMPLAINT – 8

33.  Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

34.  Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; (d) Defendant's employees, officers, directors, agents, and representatives and their family members; (e) any Washington resident who was solely the subject of a consumer report that Defendant issued in relation to a credit transaction involving or reasonably expected to involve a principal amount of fifty thousand dollars or more; (f) any Washington resident who was solely the subject of a consumer report that Defendant issued in relation to the underwriting of life insurance involving, or that may reasonably be expected to involve, a face amount of fifty thousand dollars or more; and (g) any Washington resident who was solely the subject of a consumer report that Defendant issued in relation to the employment of an individual at an annual salary that equals, or that may reasonably be expected to equal, twenty thousand dollars or more.

35.  **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class.

COMPLAINT – 9

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members in the State of Washington so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

36. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a. Whether Defendant has acted as consumer reporting agency as defined in RCW 19.182.010(5);

    b. Whether Defendant has engaged in a common course of issuing consumer reports about Washington consumers that include information prohibited by RCW 19.182.040;

    c. Whether Defendant's common course of issuing consumer reports that include prohibited information regarding Washington consumers has violated Washington's Fair Credit Reporting Act, chapter 19.182 RCW;

**COMPLAINT** – 10

d. Whether Defendant has engaged in a common course of failing to maintain reasonable procedures designed to avoid violations of RCW 19.182.040;

e. Whether Defendant's common course of failing to maintain reasonable procedures designed to avoid violations of RCW 19.182.040 has violated Washington's Fair Credit Reporting Act, chapter 19.182 RCW;

f. Whether Defendant has engaged in a common course of willfully failing to comply with one or more requirements imposed by Washington's Fair Credit Reporting Act, chapter 19.182 RCW;

g. Whether Defendant's common courses of conduct has caused injury to the business or property of Plaintiff and Class members;

h. Whether Defendants' common courses of conduct constitute unfair or deceptive acts or practices;

i. Whether Defendants' common courses of conduct occur in trade or commerce;

j. Whether Defendants' common courses of conduct have an impact on the public interest because they violate a statute that incorporates

**COMPLAINT** – 11

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

chapter 19.86 RCW, a statute that contains a specific legislative declaration of public interest impact

k. Whether Plaintiff and Class members are each entitled damages and the quantity therein; and

l. Whether injunctive relief is appropriate so as to protect Plaintiff, members of the Class, and other Washington consumers from Defendant's common courses of unlawful conduct.

37. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for damages that she seeks for absent class members.

38. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

39. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages

COMPLAINT – 12

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

40. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

41. **Appropriateness of Injunctive and Declaratory Relief.** Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

**COMPLAINT** – 13

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

# CAUSES OF ACTION
## COUNT I
### Violation of the WFCRA, RCW 19.182, *et seq.*

42. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of all others similarly situated.

44. Pursuant to RCW 19.182.005, "[i]t is the policy of the state that credit reporting agencies maintain accurate credit reports . . . and adopt reasonable procedures to promote consumer confidentiality and the proper use of credit data in accordance with this chapter."

45. Defendant Checkr is a consumer reporting agency within the meaning of RCW 19.182.010(5).

46. By the actions alleged above, Defendant has engaged in a common course of violating RCW 19.182.040(1)(e).

47. By the actions alleged above, Defendant has engaged in a common course of willfully failing to comply with RCW 19.182.040(1)(e).

48. By the actions alleged above, Defendant has engaged in a common course of violating RCW 19.182.060(1).

**COMPLAINT** – 14

49. By the actions alleged above, Defendant has engaged in a common course of willfully failing to comply with RCW 19.182.060(1).

50. Defendant's violations are egregious to the point of being willful.

51. As a direct and proximate result of Defendant's willful failure to follow procedures to adhere to the statutorily provided reporting period, Plaintiff and the Class have been harmed, as explained above.

52. As a result of Defendants' unlawful actions, and pursuant to RCW 19.182.150, each Plaintiff and Class member is entitled to a actual damages and a monetary penalty of one thousand dollars. Plaintiff and the Class are also entitled to the costs of the action together with reasonable attorneys' fees. RCW 19.182.150.

## DEMAND FOR JURY TRIAL

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

**COMPLAINT** – 15

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for damages pursuant to pursuant to RCW 19.182.150, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to RCW 19.182.150;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein;

F. For leave to amend these pleadings to conform to the evidence presented at trial; and

G. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: April 9, 2024

Respectfully submitted,

By: _/s/ Michael Brubaker_
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

**COMPLAINT** – 16

14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

***ATTORNEY FOR PLAINTIFF***

**MARCUS & ZELMAN, LLC**
Jospeh Kanee, Esq. (applying for admission pro hac vice)
4000 Ponce de Leon Blvd, Suite 470
Coral Gables, FL 33146
(786) 369-1122
Joseph@MarcusZelman.com

**COMPLAINT** – 17

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com